```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
GENERAL ELECTRIC COMPANY, CONSUMER       :
LIGHTING (U.S.), LLC, and CURRENT        :    19cv5365 (DLC)
LIGHTING SOLUTIONS, LLC,                 :
                                         :    OPINION AND ORDER
                 Plaintiffs,             :
                                         :
         -v-                             :
                                         :
LIGHTING SCIENCE GROUP CORPORATION,      :
                                         :
                 Defendant.              :
---------------------------------------- X
```

APPEARANCES

For plaintiffs:
Peter C. Neger
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, New York 10178

Eric S. Namrow
Natalie A. Bennett
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, Northwest
Washington, District of Columbia 20004

Hersh Mehta
Karon N. Fowler
Morgan, Lewis & Bockius LLP
77 West Wacker Drive, Fifth Floor
Chicago, Illinois 60601

Elizabeth M. Chiaviello
Morgan, Lewis & Bockius LLP
1000 Louisiana Street, Suite 4000
Houston, Texas 77002

For defendant:
Bradley W. Caldwell
Christopher S. Stewart
Caldwell Cassady Curry PC
2101 Cedar Springs Road, Suite 1000
Dallas, Texas 75201

Kayvan B. Noroozi
Noroozi PC
11601 Wilshire Boulevard, Suite 2170
Los Angeles, California 90025

Justin M. Ellis
Ben Quarmby
Molo Lamken LLP
430 Park Avenue
New York, New York 10022

Matthew J. Fisher
Molo Lamken LLP
300 North LaSalle Street
Chicago, Illinois 60654

DENISE COTE, District Judge:

Plaintiffs General Electric Company, Consumer Lighting (U.S.), LLC, and Current Lighting Solutions, LLC filed this action on June 7, 2019 and have moved for a preliminary injunction to enjoin defendant Lighting Science Group Corporation ("LSG") from continuing to prosecute two actions that LSG brought against plaintiffs in the U.S. International Trade Commission on April 30, 2019 ("ITC Action") and the U.S. District Court for the District of Delaware on May 1, 2019 ("Delaware Action"). Plaintiffs contend that a forum selection clause contained in a 2017 Settlement and Patent Cross-License Agreement ("Agreement") prohibits LSG from bringing any lawsuit against plaintiffs outside of a New York forum. For the following reasons, plaintiffs' motion is denied.

2

**Background**

In May 2017, LSG and GE Lighting Solutions, LLC (now plaintiff "Current Lighting Solutions, LLC") entered into the Agreement. As described in the preamble, the purpose of the Agreement was two-fold. First, it was intended to settle a 2012 patent-infringement lawsuit brought by Current Lighting Solutions, LLC against LSG. Second, it was intended to exchange cross-licenses to five patents that fall within three patent "families" ("Licensed Patents").

The Agreement contained the following "Governing Law" provision in section 13.2:

> **Governing Law.** This Agreement shall be construed, governed, interpreted, and applied in accordance with the laws of the State of New York, U.S.A. The state and federal courts of New York, U.S.A. shall have exclusive jurisdiction and venue over any dispute between the parties.

The Agreement also contained a provision entitled "Interpretation" in section 13.5. It provided, in relevant part, that "[t]he language of this Agreement shall be construed as a whole according to its fair meaning and none of the Parties (or the Parties' respective attorneys) shall be deemed to be the draftperson of this Agreement in any action, which may hereafter arise between the Parties."

The complaints in the ITC and Delaware Actions[1] assert

---

[1] Both actions initially named only General Electric Company and

3

claims for false and misleading advertising in violation of Section 43(a) of the Lanham Act, 18 U.S.C. § 1125(a), as well as for infringement of five patents.  Plaintiffs do not contend that any of those five patents are the same as the Licensed Patents identified in the Agreement.

Plaintiffs filed this motion for a preliminary injunction on June 19, 2019.[2]  On July 9, 2019, plaintiffs also filed, in the Delaware Action, a motion to transfer the Delaware Action to the U.S. District Court for the Southern District of New York under 28 U.S.C. § 1441(a) pursuant to the Agreement's forum selection clause.  Plaintiffs' motion for a preliminary injunction became fully submitted on July 22.  On July 23, defendant filed a letter indicating that the District of Delaware had denied plaintiffs' motion to transfer, ruling that "Section 13.2, read in the full context of the [A]greement, unambiguously demonstrates the parties' intent [for the forum

---

Consumer Lighting (U.S.), LLC as defendants.  LSG amended its complaints in the ITC Action and the Delaware Action on May 20 and May 23, respectively, to add Current Lighting Solutions, LLC as a defendant.

[2] The motion is styled as an Order to Show Cause.  At a conference on July 3, the Court advised the parties that the "first-to-file" rule counseled in favor of allowing the District of Delaware to decide plaintiffs' motion to transfer before this Court reached the merits of the request for a preliminary injunction.  See Futurewei Techs., Inc. v.  Acacia Research Corp., 737 F.3d 704, 708 (Fed. Cir. 2013).  It noted, however, that it would not deny plaintiffs of their right to file and brief the preliminary injunction motion.

4

selection clause] to only cover disputes related to a prior litigation and three patent families."

## **Discussion**

"[A] preliminary injunction is an extraordinary remedy never awarded as of right." Benisek v. Lamone, 138 S. Ct. 1942, 1943 (2018) (per curiam).  A party seeking a preliminary injunction must demonstrate:

> (1) a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the plaintiff's favor; (2) a likelihood of irreparable injury in the absence of an injunction; (3) that the balance of hardships tips in the plaintiff's favor; and (4) that the public interest would not be disserved by the issuance of an injunction.

Benihana, Inc. v. Benihana of Tokyo, LLC, 784 F.3d 887, 895 (2d Cir. 2015) (citation omitted).

Where a contract contains both a forum selection clause and a choice-of-law provision, the overriding framework governing the enforceability of a forum selection clause is drawn from federal law.  Martinez v. Bloomberg, 740 F.3d 211, 217-18 (2d Cir. 2014).  In the Second Circuit, this framework requires the application of a four-part test.  That test asks:

> (1) whether the clause was reasonably communicated to the party resisting enforcement; (2) whether the clause is mandatory or permissive, i.e., whether the parties are required to bring any dispute to the designated forum or simply permitted to do so; and (3) whether the claims and parties involved in the suit are subject to the forum selection clause.  If the

> forum clause was communicated to the resisting party, has mandatory force and covers the claims and parties involved in the dispute, it is presumptively enforceable. A party can overcome this presumption by (4) making a sufficiently strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching.

Starkey v. G. Adventures, Inc., 796 F.3d 193, 196 (2d Cir. 2015) (citation omitted).

The interpretation of the scope of a forum selection clause is governed by the body of law selected in an otherwise valid choice-of-law provision. Martinez, 740 F.3d at 217-18. Here, the Governing Law provision states that the Agreement shall be construed in accordance with New York law.

Under New York law, "a fundamental objective of contract interpretation is to give effect to the expressed intention of the parties." In re MPM Silicones, L.L.C., 874 F.3d 787, 795 (2d Cir. 2017). "Contracts must be read as a whole, and if possible, courts must interpret them to effect the general purpose of the contract." Postlewaite v. McGraw-Hill, Inc., 411 F.3d 63, 67 (2d Cir. 2005). When interpreting a contract, "words should be given the meanings ordinarily ascribed to them and absurd results should be avoided." Mastrovincenzo v. City of New York, 435 F.3d 78, 104 (2d Cir. 2006) (citation omitted). "If a contract is clear, courts must take care not to alter or go beyond the express terms of the agreement, or to impose

obligations on the parties that are not mandated by the unambiguous terms of the agreement itself." Torres v. Walker, 356 F.3d 238, 245 (2d Cir. 2004) (citation omitted).

Plaintiffs' motion for a preliminary injunction must be denied because they are unlikely to show that LSG breached the Agreement's forum selection clause by prosecuting the ITC and Delaware Actions. When read in the context of the Agreement as a whole, the forum selection clause only applies to disputes that relate to the Agreement. This is principally evident by the fact that parties included the forum selection clause as the second sentence within a Governing Law provision that begins with the words "[t]his Agreement." In this context, the forum selection clause is most naturally read to be cabined in the same manner as the choice-of-law provision in the first sentence: It applies only to the extent a dispute relates to "[t]his Agreement," and not to any and all unrelated disputes that may arise between the parties.

This conclusion is supported by evidence of the parties' intent throughout the Agreement. As described in the preamble, for example, the purpose of the Agreement was to "resolve all aspects of the [2012] Litigation" and "grant . . . non-exclusive licenses, releases and other rights under certain patents and patent applications" described in the Agreement. Construing the Agreement "as a whole," as required by New York law and by the

"Interpretation" provision in section 13.5 of the Agreement, the Agreement does not evidence a broader intent to address disputes between the parties that are unrelated to the prior litigation or the Licensed Patents.

The claims asserted by LSG in the ITC and Delaware Actions do not relate to the Licensed Patents identified in the Agreement. Accordingly, the Agreement's forum selection clause does not apply and plaintiffs' application for a preliminary injunction is unlikely to succeed on the merits.

## Conclusion

Plaintiffs' June 19, 2019 motion for a preliminary injunction is denied.

SO ORDERED:

Dated: New York, New York
July 31, 2019

_____
DENISE COTE
United States District Judge